## AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

**Purpose of the affidavit**

1.  This affidavit is being submitted in support of the following:

    a.  An anticipatory search warrant for the residence located at XXX XXXXXXXX Street, Northwest, Washington, D.C. 20011. (Target Residence) This residence is a two story beige colored brick row home with an attached attic. The building is identified with the numbers XXX in black and is affixed to a white piece of wood to the right of the front door. The residence is the sixth building in on the North side of XXXXXXXX Street from $X^{Xh}$ Street. There are two sets of steps leading to the front door with an open porch outfitted with black wrought iron railings. There are two Dish network satellite dishes affixed the front of the second level of the building.

2.  Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that there is presently concealed, or will be concealed upon completion of a controlled delivery of a package known to contain controlled dangerous substances, in the premises known and described above, the items described in Attachment A hereto, all of which constitutes evidence, fruits, and instrumentalities of, inter alia, violations of Title 21, United States Code, Sections 952(a), 963 and 960, which prohibit the importation of controlled substances, and the attempt and conspiracy to import controlled substances.

3.  The information set forth below is based upon this affiant's personal observations or upon information provided to me by other law enforcement officers participating in the investigation as indicated. As the purpose of this affidavit is only to establish probable cause, your affiant has not set forth each and every fact known concerning this investigation.

**Your Affiant**

4.  I, Mark Duffy, being duly sworn, depose and state as follows:

I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE) and have been so employed since March 2003. I am currently assigned to the Special Agent

in Charge, Washington D.C. Field Office. I have attended the nine-week Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) and the eight-week Customs Basic Enforcement School at FLETC, during which I received training in detection of and laws concerning controlled substances. I have personally investigated several cases involving controlled substances.

**Overview of Investigation**

6.      On May 4, 2006 an international UPS package from Guatemala City, Guatemala, Air Way Bill (AWB) number 1Z741A916644015860 was selected for a Customs examination by Officers from Customs and Border Protection in Miami, Florida. The UPS package was selected for inspection from Guatemala flight 0353. The shipment was manifested as "Typical Adornment, with a value of thirty five dollars ($35.00).

7.      An individual named Antonio Rodriguez shipped the package from 14 Calle 2-73 Zona 9, Guatemala. The package is addressed to OSCAR RAFAEL RODRIGUEZ, XXX XXXXXXXX Street XX, Washington, DC 20011. The package was opened and examined and was found to contain seven sets of wall art/tapestry with wooden rods at both ends. The contents of the UPS package were X-rayed and inconsistencies inside the wooden pieces were noticed. At either end of the wooden rods were ends caps, which appear to have been glued on. One end cap from one of the wall art was removed and a white powdery substance was located inside the wooden rod. The rod appears to have been hollowed out.

8.      A sample of the white powder was tested by CBP using a Scott Reagent Narcotic Detection Kit. The result of the initial test showed a positive reaction for the presence of cocaine.

9.      Special Agent Gary Unger was contacted and arranged for the package to be delivered overnight via DHL to SA Mark Duffy at XXXXX XXXXXXX XXXX Drive, XXXXXX XX,

XXXXXX, XXX XXXX.  The package was delivered to SA Mark Duffy on May 5, 2006 and a subsequent field test revealed positive for the presence of cocaine.

10. Special Agent Mark Duffy was able to confirm that the address listed on the package, XXX XXXXXXXX XXXXXX XX, Washington, DC 20011 is a legitimate address. As of the time this affidavit was written, the name on the package, OSCAR RAFAEL RODRIGUEZ, has not been identified.  However, an inquiry with United States Postal Inspector Michael Manzi confirmed that an individual by the name of OCSAR RODRIGUEZ has been receiving mail at the aforementioned address for the last 7-8 months.

11. Special Agent Mark Duffy instructed UPS employees at the facility in Chantilly, Virginia to contact him if there were any phone calls or inquiries about the suspected package.

12. Based on the foregoing, I submit that there is probable cause to believe that OSCAR RAFEAL RODRIGUEZ and others, known and unknown, are engaged in the unlawful mailing of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Sections 952, 963(a) and 960.

13. Based upon your affiants training and experience, participation in this and other narcotics investigations, I know the following:

Narcotics traffickers often use fictitious names on shipments of illegal drugs in order to hinder law enforcement from identifying them if the shipment is intercepted.

Narcotics traffickers often maintain financial records and financial instruments related to their narcotics transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashiers checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records.

Narcotics traffickers frequently maintain books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of controlled substances.

Such documentation is frequently maintained where the traffickers have ready access to them, including their homes.

Narcotic traffickers commonly maintain books, records and other documents that identify and contain the names, addresses and/or telephone or pager numbers of associates in their narcotics trafficking activities, including, but not limited to: address books, telephone books, rolodexes, cellular telephones, pagers, personal digital assistants (PDA's), notes reflecting names, telephone numbers, photographs (to include still photographs, negatives, movies, slides, video tapes and undeveloped film), and audiotape recordings of conversations, including those made over a telephone answering machine.

Those dealing in narcotics trafficking often maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, and motel/hotel receipts.

Indicia of occupancy, residency and/or ownership of the premises to be searched are often present in such premises.

14. Based upon all of the foregoing, your affiant is requesting an anticipatory search warrant to be executed at the Subject Premises only if: (a) the person receiving the package is observed either within, entering or departing the Subject Premises; or (b) the person receiving the package is identified as a resident of the Subject Premises; or (c) your affiant receives other specific information at the time of the controlled delivery that identifies the Subject Premises as associated with the person accepting the package; or (d) the electronic monitoring device contained inside the UPS package is breached.

15. Based upon all the foregoing, your affiant feels there is probable cause to believe that (a) the package will be accepted by a person or persons at the Target Location violating Title 21, United

States Code, Sections 952 and 963; and (b) a search of the Subject Location will produce additional evidence pertaining to the conspiracy and importation of controlled substances.

**Conclusion**

Based on all the foregoing information, therefore, I respectfully request that the Court issue an anticipatory warrant to search the Target Location, located at XXX XXXXXXXXX XXXXXX XXX Washington, D.C. 20011.  In addition your affiant would also request this warrant be a "no knock" warrant, based on training and experience, an announcement of police before executing the warrant could result in the destruction of evidence, with particularity, the sample of cocaine in the delivered package.

Dated this 8th day of May, 2006

_____
Mark William Duffy
Special Agent
United States Immigration and
Customs Enforcement

Sworn to me this
\_\_\_\_ day of May, 2006

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA